IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA J. SCOLMAN, KAMAU T.Z. DAMALI,
ROBERT JAY WARD, DENNIS MIX, FREDERICK
ANDREW MORRIS, SCOTT A. BROWN,
TIMOTHY SIDNEY and JOVAN WILLIAMS,

                OPINION and ORDER

      Plaintiffs,

                18-cv-496-bbc

  v.

SCOTT WALKER, JON LITSCHER, JAMES GREER,
DAVID BURNETT, M.D., KEVIN KALLAS, M.D.,
DAI ADMINISTRATOR, WARDENS OF CCI, WCI, GBCI
and WSPF, SECURITY DIRECTORS OF CCI, WCI, GBCI
and WSPF, PSU DIRECTORS OF CCI, WCI, GBCI
and WSPF, HSU MANAGERS OF CCI, WCI, GBCI
and WSPF and UNNAMED JOHN AND JANE DOES,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This court has received a proposed civil complaint submitted by Peg Swan on behalf of eight prisoners incarcerated at various prisons within the Wisconsin Department of Corrections. The complaint raises several claims relating to the treatment of prisoners who are held in solitary confinement. In a cover letter, Swan identifies herself as an advocate for prisoners and says that she drafted the complaint with the assistance of "prisoner litigators." Dkt. #1-12. Swan says she then sent the complaint to each of the named plaintiffs for their review, along with a form titled "Verification of Complaint and Permission to Submit Documents and Pleadings on Behalf –and at the Direction of– Plaintiffs." Dkt. #1-1. With the exception of plaintiff Robert Ward, each plaintiff signed the form, which states that

1

plaintiffs have read the complaint and attest to the veracity of the allegations relating to them. The form also purports to give Swan permission to submit documents on plaintiffs' behalf. Swan submitted a check for $400, which she says is for the filing fee for this lawsuit. As discussed below, this case cannot proceed until each plaintiff confirms that he wishes to prosecute this action jointly and pays the filing fee for doing so.

OPINION

A. Rule 11 and Submissions by Peg Swan

Under Rule 11 of the Federal Rules of Civil Procedure, each plaintiff must sign every pleading, written motion and other paper submitted on his or her behalf. Fed. R. Civ. P. 11(a). In this instance, although plaintiffs signed a "Verification of Complaint" form, this is not sufficient. The form states that each plaintiff is attesting to the veracity of conditions that applied to him personally. However, when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Thus, any plaintiff who wishes to prosecute this case jointly must sign the complaint itself, understanding that by doing so, he is attesting to the truthfulness the entire complaint.

Additionally, each plaintiff should be aware that by joining this lawsuit, he will be held legally responsible for knowing precisely what is being filed in the case on his behalf. This means that each plaintiff may be subject to sanctions under Rule 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of

2

the case.

The "Verification of Complaint" form also states that plaintiffs are granting permission to Peg Swan to "electronically sign" documents on their behalf. However, Swan has not identified herself as either an attorney or a party in this case and thus, has no authority to sign or electronically file documents on behalf of plaintiffs. Additionally, because plaintiffs are incarcerated, it is not likely that they have access to the technology needed to enable electronic signatures. Although Swan may submit documents that have been reviewed and signed by plaintiffs, she may not sign documents on their behalf. Because Swan is not a party or attorney, the court will not consider any document submitted by Swan that is not signed by each plaintiff who joins this case.

## B. Filing Fee

Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must either pay the full $400 fee for filing the action before it may proceed or be granted leave to proceed in forma pauperis without paying the full fee. Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004). At this point, the court has neither received the filing fee from any plaintiff or received any motion to proceed in forma pauperis. (Peg Swan submitted a check for $400 for the filing fee. However, because she is not a party, that check will be returned to her.) Each plaintiff may have three weeks to submit the full filing fee or a motion to proceed in forma pauperis, along with a certified trust fund account statement for the six month period

preceding the complaint. 28 U.S.C. § 1915(a)(2). For any plaintiff who is indigent, the court will calculate the amount of the initial partial payment that must be paid before the court can screen the merits of the complaint under 28 U.S.C. § 1915A. Thereafter, each plaintiff will be required to pay the balance of the filing fee in installments.

### C. Additional Considerations

After plaintiffs have submitted signed copies of the complaint and either paid the filing fee or received permission to proceed in forma pauperis, I will screen the complaint under 28 U.S.C. § 1915A. In screening the complaint, I will consider whether the claims relating to one plaintiff should be separated from the claims of other plaintiffs. If I decide separation (or severance) is appropriate, any plaintiff whose claims are severed will be required to prosecute his claims in a separate lawsuit.

Plaintiffs should also be aware that if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. (A litigant who incurs a total of three strikes for filing meritless actions cannot file in forma pauperis in any case except one in which he alleges that he is in immediate danger.)

Finally, because all of the plaintiffs did not sign the complaint and may not have been aware of the consequences of joining their claims in one lawsuit, I will give each plaintiff an opportunity to withdraw from the suit if that is his wish. If a plaintiff chooses to withdraw

from the lawsuit, then he will not have to pay the $400 filing fee. Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

ORDER

IT IS ORDERED that

1. Each plaintiff has until July 23, 2018 to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with this action, then they must submit (a) a signed complaint by July 23, 2018, a copy of which is enclosed with this order; and (b) a certified trust fund account statement for the six month period preceding the complaint.

3. If, by July 23, 2018, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $400 filing fee.

4. The clerk of court is directed to return to Peg Swan the $400 check she submitted.

Entered this 2d day of July, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge