IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSHUA J. SCOLMAN, KAMAU T.Z. DAMALI,
ROBERT JAY WARD, DENNIS MIX, FREDERICK
ANDREW MORRIS, SCOTT A. BROWN,
TIMOTHY SIDNEY and JOVAN WILLIAMS,

                Plaintiffs,

    v.

SCOTT WALKER, JON LITSCHER, JAMES GREER,
DAVID BURNETT, M.D., KEVIN KALLAS, M.D.,
DAI ADMINISTRATOR, WARDENS OF CCI, WCI, GBCI
and WSPF, SECURITY DIRECTORS OF CCI, WCI, GBCI
and WSPF, PSU DIRECTORS OF CCI, WCI, GBCI
and WSPF, HSU MANAGERS OF CCI, WCI, GBCI
and WSPF and UNNAMED JOHN AND JANE DOES,

                Defendants.

OPINION AND ORDER

18-cv-496-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action filed by eight prisoners incarcerated at various prisons within the Wisconsin Department of Corrections. The complaint sets out claims relating to the treatment of prisoners who are held in solitary confinement. On July 2, 2018, I entered an order explaining to plaintiffs the consequences of joining their claims in one lawsuit, as well as the steps that needed to be taken before this case could proceed. In particular, I stated that by July 23, 2018, each plaintiff was to (1) confirm that he wished to prosecute this case jointly with the other plaintiffs; (2) submit a signed copy of the complaint; and (3) pay a $400 filing fee or submit a motion for leave to proceed in forma pauperis along with a certified trust fund account statement for the six month period

1

preceding the complaint. Dkt. #4. I directed the court to return the $400 filing fee that had been submitted by non-party Peg Swan.

Since then, the court has received a signed copy of the complaint and a motion for leave to proceed in forma pauperis from plaintiff Joshua Scolman only. Dkt. ##19, 20. The other plaintiffs have either filed motions for an extension of time to respond, dkt. #17, a motion to stay proceedings, dkt. #25, a motion for reconsideration of the July 2 order relating to the filing fee, dkt. #24, or have not responded at all. The court also has received motions requesting assistance in recruiting counsel. Dkt. ##16, 18.

I will take up the motion for reconsideration first. In that motion, plaintiffs contend that it was error to conclude that Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004) requires each plaintiff to either pay the full $400 fee for filing the action or be granted leave to proceed in forma pauperis before the case may proceed. Plaintiffs argue that the rule in Boriboune applies to cases in which inmate plaintiffs have requested leave to proceed in forma pauperis under 28 U.S.C. § 1915(b)(1), but does not apply where no plaintiff has requested leave to proceed in forma pauperis, such as the case here, where Swan paid the $400 fee when the suit was filed. At least one court has accepted plaintiffs' interpretation of Boriboune, concluding that separate filing fees are required only from prisoner plaintiffs seeking leave to proceed in forma pauperis. Sundstrom v. Frank, No. 06-C-0112, 2006 WL 2038204, at *2 (E.D. Wis. July 12, 2006).

Plaintiffs' argument is persuasive. The fee-per-litigant approach adopted in Boriboune was based on the court's interpretation of 28 U.S.C. § 1915(b)(1), which states

2

that "*if a prisoner brings a civil action or files an appeal in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." (Emphasis added). The court of appeals stated that § 1915(b) should be taken at "face value," explaining that "one price of *forma pauperis* status is each prisoner's responsibility to pay the full fee in installments (or in advance, if § 1915(g) [the three-strikes provision] applies), no matter how many other plaintiffs join the complaint." Boriboune, 391 F.3d at 856. All four plaintiffs in Boriboune had sought in forma pauperis status and thus, each had to pay the filing fee. Id. at 853. In this case, plaintiffs did not move for in forma pauperis status (until the court directed them to do so), and § 1915(b) was not triggered. Nor is § 1915(g) applicable to these plaintiffs. Thus, the standard rule of one filing fee per lawsuit applies.

Although I find plaintiffs' argument persuasive, I acknowledge that interpreting Boriboune as applying only to those cases in which an inmate requests leave to proceed in forma pauperis could be perceived as unfair to those inmates who cannot afford to pay the full filing fee or do not have an attorney or advocate who will pay the filing fee for them. In particular, each inmate proceeding jointly who requests leave to proceed in forma pauperis will be required ultimately to pay the full filing fee, while inmates who arrange payment of the full filing fee at the outset will have to pay only one fee for their case. However, the court addressed this in Boriboune, stating that the tradeoff for proceeding in forma pauperis is that each prisoner plaintiff must pay the filing fee. Id. at 856. For these reasons, I will grant plaintiffs' motion for reconsideration.

The next question is what should be done in this case. Because I directed the clerk

of court to return the filing fee submitted by this case by Peg Swan, no filing fee has been paid for this case. Therefore, I will give plaintiffs the option of either paying the full $400 filing fee for this action, or filing motions for leave to proceed in forma pauperis by the deadline set forth below. If, by the deadline below, the court does not receive the full $400 fee, it will dismiss the case except as to those plaintiffs who file for leave to proceed in forma pauperis and submit a certified trust fund account statement for the six-month period preceding the complaint.

With respect to the motions for assistance in recruiting counsel, I will deny those motions as premature. Plaintiffs should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Only about 30 lawyers have the time, willingness and expertise in civil rights litigation to accept appointments in this district and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find only 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Although the court is continually trying new approaches to recruiting counsel, there continue to be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the

complexities of the claim in determining whether to recruit counsel in any particular case.

In this case, it is not clear which plaintiffs will remain in the case or even whether this case will proceed at all. Even assuming the case moves forward, it is not clear what claims will remain after the 28 U.S.C. § 1915A screening process. Unless and until this case has proceeded beyond the screening stage, I cannot assess whether the complexity of the case exceeds the plaintiffs' ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Therefore, I will deny plaintiffs' request for recruitment of counsel as premature at this stage.

Finally, plaintiffs have filed motions requesting that this case be stayed for various reasons. I will deny those motions as well. I am disinclined to stay any case that has not even proceeded to the screening stage. If any plaintiff does not wish to proceed with this case at this time, he may notify the court that he wishes to withdraw from this lawsuit. In the alternative, he may do nothing, in which case the plaintiff will be considered to have withdrawn from the lawsuit voluntarily. However, those plaintiffs who wish to proceed either individually or jointly with this case may do so.

On final matter requires attention. In the July 2 order, I cautioned plaintiffs and Peg Swan that the court would not consider any motions or other documents filed by Swan that were not signed by plaintiffs. Nonetheless, Swan has continued to file documents without first obtaining signatures from plaintiffs. The court will continue to disregard such documents.

ORDER

IT IS ORDERED that

1. Each plaintiff has until August 13, 2018 to advise the court whether he wishes to prosecute this action jointly.

2. If plaintiffs decide to proceed with this action, then they must submit a signed complaint by August 13, 2018.

3. Plaintiffs' motion for reconsideration, dkt. #24, is GRANTED. By August 13, 2018, plaintiffs must submit either (a) the full $400 filing fee, or (b) a certified trust fund account statement for the six-month period preceding the complaint for each plaintiff.

4. If, by August 13, 2018, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $400 filing fee.

5. Plaintiffs' motions for assistance in recruiting counsel, dkt. ##16,18, are DENIED without prejudice.

6. Plaintiffs' motion to stay, dkt. #25, is DENIED.

7. Plaintiffs' motion for extension of time, dkt. #17, is DENIED as moot.

Entered this 30th day of July, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge