IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS
and JOVAN WILLIAMS,

                                                  OPINION AND ORDER

              Plaintiffs,

                                                  18-cv-496-bbc

      v.

SCOTT WALKER, JON LITSCHER, JAMES GREER,
DAVID BURNETT, M.D., KEVIN KALLAS, M.D.,
DAI ADMINISTRATOR, WARDENS OF CCI, WCI, GBCI
and WSPF, SECURITY DIRECTORS OF CCI, WCI, GBCI
and WSPF, PSU DIRECTORS OF CCI, WCI, GBCI
and WSPF, HSU MANAGERS OF CCI, WCI, GBCI
and WSPF and UNNAMED JOHN AND JANE DOES,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action originally filed by eight prisoners incarcerated at various prisons within the Wisconsin Department of Corrections. The complaint sets out allegations relating to the treatment of prisoners who are held in solitary confinement. On July 2, 2018, I issued an order stating that each plaintiff had until July 23 to advise the court whether he wishes to prosecute this action jointly and to submit a signed copy of the compliant. Dkt. #4. On July 30, I extended that deadline to August 13, 2018. Dkt. #27. The second deadline has now expired and the court has received signed copies of the complaint from plaintiffs Fredrick Andrew Morris and Jovan Williams only. Dkt. #19. (Joshua Scolman also submitted a signed complaint, but later withdrew from the lawsuit. Dkt. #34. The caption has been amended accordingly.) Therefore, I conclude that Kamau T.Z. Damali, Robert Jay Ward, Dennis Mix, Scott A. Brown and Timothy Sidney have

1

voluntarily withdrawn from this case. They have also been removed as plaintiffs from the caption. (Damali's motion to pay the filing fee on behalf of all plaintiffs, dkt. #33, will be denied as moot, both because the filing fee has already been paid and Damali did not submit a signed complaint.) This means that only Morris and Williams remain as plaintiffs in this case.

The complaint is now before the court for screening under 28 U.S.C. § 1915A. For the reasons set out below, I conclude that plaintiffs may not proceed further until they file an amended complaint that clarifies the claims on which they are seeking to proceed. Additionally, I will deny plaintiff Morris's motion for preliminary injunctive relief.

OPINION

A. Scope of Plaintiffs' Claims

Now that many of the plaintiffs have withdrawn from the case, there is a question about how plaintiffs would like to proceed and on which claims. Plaintiffs' complaint is titled as a "class action complaint" or "joinder action for declaratory and injunctive relief." The complaint is 17 single-spaced pages and includes allegations about conditions in various Wisconsin prisons and the experiences of numerous individual prisoners housed at prisons in the state. The complaint also includes extensive argument and commentary on Wisconsin Department of Corrections' policies and procedures regarding solitary confinement and the effect that solitary confinement has on inmates. The complaint purports to raise claims under the Eighth and Fourteenth Amendments of the United States Constitution, the

Americans with Disabilities Act and the Rehabilitation Act, and names as defendants the Wisconsin governor, Scott Walker, and several Wisconsin Department of Corrections officials, as well as wardens, security staff and medical and mental health staff at several prisons.

Plaintiffs should be aware that I will not certify this case as a class action at this stage, because plaintiffs would not be adequate representatives of a class. Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") Plaintiffs may still have common claims on which they could proceed jointly under Rule 20 of the Federal Rules of Civil Procedure. Goodvine v. Meisner, 608 F. App'x 415, 417 (7th Cir. 2015) (explaining that "district court's adverse ruling on class certification did not foreclose the two inmates from proceeding as co-plaintiffs on their common 'causes of action'" regarding treatment of mentally ill inmates in segregation). However, it is not clear from plaintiffs' complaint whether they are seeking to proceed on (1) claims relating to particular times in which they were held in solitary confinement, (2) broader challenges to Department of Corrections' policies and procedures regarding solitary confinement generally or (3) both individual and common claims.

Also, it is not clear which of the allegations or legal theories included in the complaint actually pertain to plaintiffs. For example, the complaint includes discussion of the Americans with Disabilities Act and Rehabilitation Act, but the complaint does not include allegations suggesting that either Morris or Williams is disabled or was denied access to

3

programs or services because of a disability. Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015) (explaining standard for discrimination claim under Title II of American with Disabilities Act). Similarly, the complaint includes claims against officials and staff at several Wisconsin prisons, but Morris is housed at Green Bay Correctional Institution and Williams is housed at Waupun Correctional Institution. It is not clear whether plaintiffs still intend to bring claims regarding policies or procedures at prisons other than Green Bay or Waupun.

Because plaintiffs' complaint does not provide clear notice of the claims they intend to bring against defendants, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiffs believe defendants did to violate their rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

In light of the many questions raised by the complaint and procedural posture of this case, I conclude that plaintiffs may not proceed further with this action unless they file an amended complaint that clarifies their claims. In particular, plaintiffs should file an amended complaint that explains: (1) which claims they wish to proceed with and (2) which defendants should remain in the case. In drafting their amended complaint, plaintiffs should include allegations about:

- the length of time they have spent in solitary confinement and the conditions they faced there;

- why they were placed in solitary confinement;

- what policies or procedures affected their placement in solitary confinement and the length of their stay;

- what injuries they suffered as a result of their placement in solitary confinement;

- why plaintiffs believe the named defendants are responsible for their placement in solitary confinement and the conditions they faced; and

- what relief plaintiffs are seeking.

Plaintiffs should refrain from including legal argument and social commentary in their amended complaint, as the extensive arguments and commentary included in the initial complaint are distracting and unnecessary. After plaintiffs file an amended complaint, I will review the complaint under 28 U.S.C. § 1915A.

B. Motion for Preliminary Injunctive Relief

Finally, I will deny the motion for preliminary injunctive relief filed by plaintiff Morris in this case. Dkt. #32. Morris contends that he needs to be moved from Green Bay Correctional Institution immediately because he is in imminent danger. It is difficult to understand Morris's motion, but I understand him to be saying that he is at imminent risk of harming himself.

Morris's motion is procedurally defective because Morris failed to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided

to plaintiffs with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Morris has not submitted proposed findings of fact or any evidence to support those findings.

Second, even if the motion was not facially flawed, I would deny it on the merits at this time. It is not clear that Morris' request is related to the underlying claims in this case. The claims in the complaint appear to challenge policies relating to solitary confinement, but Morris' motion appears to relate to treatment of his mental health needs and failure to protect him from harming himself. Although Morris' mental health needs may be related to his stay in solitary confinement, his motion for preliminary injunctive relief does not clarify the relationship between his present concerns and the allegations of the complaint. Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) ("Because a preliminary injunction is intended to preserve the status quo until the court has an opportunity to reach the merits, 'a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.")).

Additionally, to prevail on a motion for a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy

at law; and (3) an irreparable harm that will result if the injunction is not granted. <u>Lambert v. Buss</u>, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiffs have yet to show a likelihood of success on the merits of their claims. At this stage, it is not even clear what claims will be moving forward in this case. Therefore, Morris' motion for preliminary injunctive relief will be denied.

## ORDER

IT IS ORDERED that

1. Plaintiffs Kamau T.Z. Damali, Robert Jay Ward, Dennis Mix, Scott A. Brown and Timothy Sidney are deemed to have withdrawn voluntarily from this case.

2. Plaintiffs Fredrick Andrew Morris and Jovan Williams may have until November 14, 2018 to file an amended complaint that clarifies their claims, as set forth in the order above. Both plaintiffs must sign the amended complaint. If plaintiffs do not file an amended complaint by that date, I will dismiss this case for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

3. Plaintiff Morris's motion for a preliminary injunction, dkt. #32, is DENIED.

4. Kamau T.Z. Damali's motion to pay the filing fee, dkt. #33, is DENIED as moot.

Entered this 18th day of October, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge