IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,
KAMAU T.Z. DAMALI and
JOVAN WILLIAMS,

                                                                        ORDER

                Plaintiffs,

                                                                     18-cv-496-bbc

      v.

SCOTT WALKER, JON LITSCHER, JAMES GREER,
DAVID BURNETT, M.D., KEVIN KALLAS, M.D.,
DAI ADMINISTRATOR, WARDENS OF CCI, WCI, GBCI
and WSPF, SECURITY DIRECTORS OF CCI, WCI, GBCI
and WSPF, PSU DIRECTORS OF CCI, WCI, GBCI
and WSPF, HSU MANAGERS OF CCI, WCI, GBCI
and WSPF and UNNAMED JOHN AND JANE DOES,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action originally filed by eight prisoners incarcerated at various prisons within the Wisconsin Department of Corrections. The complaint sets out allegations relating to the treatment of prisoners who are held in solitary confinement. On October 18, 2018, I concluded that plaintiffs Kamau T.Z. Damali, Robert Jay Ward, Dennis Mix, Scott A. Brown and Timothy Sidney had voluntarily withdrawn from this case by failing to submit a signed copy of the complaint. Dkt. #41. I also explained that plaintiffs Fredrick Morris and Jovan Williams could not proceed further without filing an amended complaint that clarified the claims on which they are seeking to proceed. I gave them until November 14, 2018 to file an amended complaint.

      Now plaintiff Kamau Damali has filed a motion for reconsideration, dkt. #42, stating that he had submitted a signed copy of the complaint to the court on August 2, 2018 and

1

that he wants to remain in this case. He has also submitted a new signature page for the complaint. Dkt. #42-1. Therefore, I will permit Damali to proceed as plaintiff.

My previous order requiring plaintiffs to submit an amended complaint still stands. However, plaintiffs Morris and Williams have filed a motion seeking an extension of 60 days to file the amended complaint. They state that they are mentally ill, are having trouble communicating through the prison mail system and must rely on the assistance of more experienced litigators to draft an amended complaint. Dkt. #43 and #44. The court also received an affidavit from prisoner advocate Peg Swan, stating that plaintiffs need additional time because they are trying to find a lawyer and because she is considering whether to add new prisoners and claims to this case. Dkt. #46.

Plaintiffs may have an additional three weeks, until December 5, 2018, to file an amended complaint that addresses all of the court's questions and concerns as set out in the October 18 order. I will not give plaintiffs an additional 60 days to file an amended complaint. This case has been pending for several months and has not yet passed the screening stage. Although I understand that it is difficult to communicate with the other plaintiffs through the prison system, plaintiffs were aware of these difficulties when they made the choice to proceed jointly with this case. Additionally, although plaintiffs state that they have mental illnesses, both have litigated in this court before and are aware of their obligations as plaintiffs. Plaintiffs must use their best efforts to comply with court deadlines. Thus, although the court will provide some leeway and additional time to plaintiffs when necessary, plaintiffs should not expect that they will have months to respond to an order.

Plaintiffs must establish a system by which they can satisfy their obligations as the plaintiffs in this case.

Finally, I remind the parties and Peg Swan that Swan is not representing plaintiffs and she is not a party to this case. Swan has apparently drafted most of the pleadings filed in this case and wishes that more prisoners would join as plaintiffs. However, this case is now about the claims involving plaintiffs Morris, Williams and Damali personally. The court will not delay proceedings so that Swan can recruit more plaintiffs.

In conclusion, (1) Damali may proceed as a plaintiff; (2) plaintiffs must file an amended complaint by December 5, 2018 that addresses all of the court's questions and concerns as described in the October 18 order; (3) the amended complaint must be signed by all three plaintiffs. If plaintiffs do not submit an amended complaint by December 5, I will dismiss this case for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

ORDER

IT IS ORDERED that

1. Plaintiff Kamau T.Z. Damali's motion for reconsideration, dkt. #42, is GRANTED. Damali will be reinstated as a plaintiff in this case.

2. The motions for extension of time filed by plaintiffs Fredrick Andrew Morris and Jovan Williams, dkt. #43 and #45, are GRANTED IN PART and DENIED IN PART. Plaintiffs may have until December 5, 2018 to file an amended complaint that complies with

the October 18, 2018 order, dkt. #41.

    Entered this 8th day of November, 2018.

                                          BY THE COURT:
                                          /s/
                                          _____
                                          BARBARA B. CRABB
                                          District Judge